NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0014n.06
Filed: January 8, 2008

Case No. 06-6112

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SISSY SIMMONS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| BLUE CROSS BLUE SHIELD OF | ) | DISTRICT OF TENNESSEE |
| TENNESSEE, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |
| | ) | |

BEFORE: GUY, BATCHELDER, and GILMAN, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff Sissy Simmons appeals the orders

of the district court granting judgment on the administrative record in favor of Defendant Blue Cross

Blue Shield of Tennessee ("Blue Cross") on Simmons's claim under the Employee Retirement

Income Security Act of 1974 ("ERISA"), *see* 29 U.S.C. § 1132(a)(1)(B), and denying her Motion

to Alter or Amend the Judgment ("Motion to Alter").[1] Because the district court neither erred in

granting judgment on the administrative record to Blue Cross nor abused its discretion in denying

---

[1]In her notice of appeal, Simmons also challenges the district court's denial of a motion to strike. Because she fails to present any argument on this claim, we find that she has abandoned this issue on appeal. *See Sommer v. Davis*, 317 F.3d 686, 691 (6th Cir. 2003).

the Motion to Alter, we AFFIRM the district court's decisions in their entirety.[2]

Simmons suffers from a long-standing knee injury and the resulting loss of articular cartilage at the kneecap. In 2003, Simmons was referred to Dr. Scott Gillogly, who determined that Simmons needed an Autologous Chondrocyte Implantation ("ACI")[3] for her knee because she did not yet qualify for a total knee replacement.

In September 2003, Dr. Gillogly contacted Blue Cross, which insures Simmons under a fully funded plan — governed by ERISA — and bears the burden of paying claims, to obtain prior authorization for an ACI procedure for Simmons. In early October 2003, Blue Cross denied coverage because it considered the ACI procedure investigational and, therefore, not covered by Simmons's health benefits plan with Blue Cross.[4] Blue Cross's benefits plan gives Blue Cross discretion to determine eligibility for benefits or to construe the terms of the plan and to determine which treatments are investigational.

In early December 2003, Simmons filed a grievance with Blue Cross's Level I Grievance Committee, seeking to have Blue Cross cover the ACI procedure. In January 2004, the Level I Grievance Committee denied Simmons's request, stating "this service is considered investigational in accordance with the terms of your health benefits plan."

Simmons next sought review with Blue Cross's Level II Grievance Committee. On March 9, 2004, Simmons and her attorney attended a grievance hearing. Because the Level I denial letter

---

[2]The parties agreed to allow a United State Magistrate Judge to conduct any and all proceedings in this matter and enter the order of judgment, in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. The appeal from the magistrate judge's order is therefore directly before this court. *See* 28 U.S.C. § 636(c)(3) and FED. R. CIV. P. 73(c).

[3]An ACI is a two-part procedure that regenerates cartilage and restores function to the joint.

[4]Blue Cross's plan excludes from coverage "[s]ervices or supplies that are . . . Investigational in nature."

did not specifically indicate on what grounds Blue Cross relied in concluding that the ACI procedure was investigational, Simmons's counsel began the hearing by requesting that information. The Committee's chairman stated that the plan's definition of investigational service was one consideration, but the critical factor was Blue Cross's Medical Policy Manual. The Medical Policy Manual, which is produced by the Blue Cross and Blue Shield Association Technology Evaluation Center, specifically stated that the ACI procedure was investigational. Simmons's benefits plan specifically permits Blue Cross to rely on findings of the Blue Cross and Blue Shield Association Technology Evaluation Center in determining whether a particular treatment is investigational.

During the course of the hearing, the Level II Committee members and Simmons's counsel discussed the possibility of asking Blue Cross's Medical Policy Review Committee to review its determination as to the investigational nature of the ACI procedure and consider whether the Medical Policy Manual should be revised. Simmons readily agreed to have the Medical Policy Review Committee review the status of the ACI procedure.

Accordingly, within about 24 hours of the Level II hearing, the Level II Grievance Committee notified Simmons that the ACI procedure was investigational "pending review of the medical information submitted as well as additional medical information Dr. Anderson will be submitting to the Medical Policy Review Committee."

On June 23, 2004, Simmons received a letter from the Level II Grievance Committee stating that the Medical Policy Review Committee had determined that the ACI procedure remained investigational, and therefore Blue Cross would not cover the costs of the procedure. Simmons brought suit pursuant to 29 U.S.C. § 1132(a)(1)(B), seeking to recover benefits due under the terms of a health benefits plan and alleging that Blue Cross had erroneously denied her request for

coverage for the ACI procedure.

In her motion for judgment on the administrative record, Simmons asserted that Blue Cross's decision to deny coverage for the ACI procedure was arbitrary and capricious because "the overwhelming medical evidence demonstrates that the procedure is not investigational" and that the method by which Blue Cross reached this decision was arbitrary and capricious. She argued that (1) the ACI procedure is not investigational; (2) Blue Cross had a conflict of interest because it was responsible for both the determination of whether Simmons was eligible for coverage, and the payment for the procedure if it approved coverage; (3) Blue Cross "relied primarily on a nurse's summary of the Technology Evaluation Center Opinion in denying Mrs. Simmons'[s] claim"; (4) Blue Cross violated its grievance procedures because the Medical Policy Review Committee made the decision to deny coverage; and (5) Blue Cross never gave her the opportunity to rebut the evidence relied upon by the Level II Committee in denying coverage.

Applying the arbitrary-and-capricious standard of review, the district court concluded that (1) the proper inquiry before the court was not the reasonableness of Blue Cross's decision, i.e., whether the ACI procedure is investigational, but whether Blue Cross's decision was arbitrary and capricious in light of the plan's provisions and the evidence before the plan administrator; (2) substantial evidence in the administrative record supported Blue Cross's decision that the ACI procedure remained investigational; (3) while Blue Cross made the decision concerning coverage and paid out benefits, Simmons failed to establish that the conflict of interest actually influenced Blue Cross's decision to deny benefits; (4) Simmons plainly and readily agreed to have the Medical Policy Review Committee reconsider its determination that the ACI procedure is investigational; (5) the fact that a nurse made a recommendation, which the Medical Policy Review Committee

4

ultimately adopted, was completely irrelevant because nothing in the plan prevented the Medical Policy Review Committee from considering the recommendation of a registered nurse; and (6) Simmons had an opportunity to rebut the evidence relied upon by the Medical Policy Review Committee.

Simmons then moved to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure, asserting two "legal" errors made by the district court. First, Simmons argued, the district court failed to determine whether Blue Cross violated ERISA's Full and Fair Review Regulations, which relate to claims procedures that a plan provider must have in place. *See* 29 C.F.R. § 2560.503-1(h)(3)(i)-(vi). Simmons conceded, however, that she did not raise this argument in her motion on the administrative record. Second, she argued that the district court applied the wrong standard of review when it evaluated Blue Cross's decision. Instead of applying the arbitrary-and-capricious standard, Simmons contended that the court should have reviewed *de novo* Blue Cross's actions. The district court denied the Rule 59(e) motion because, *until* she filed her Rule 59(e) motion, Simmons had never argued that Blue Cross violated the Full and Fair Review Regulations, and she had conceded previously that the district court should apply the arbitrary-and-capricious standard of review.

On appeal, Simmons argues primarily that Blue Cross violated the Full and Fair Review Regulations when it denied her request for coverage. We agree with the district court that Simmons had the opportunity to raise this argument at the appropriate time and simply failed to do so. The district court correctly refused to entertain any argument relating to the Full and Fair Review Regulations, and we likewise decline to consider those arguments on appeal.

Having carefully reviewed the administrative record, the applicable law, and the parties'

briefs, and having had the benefit of oral argument, we find that the district court's decisions carefully and correctly set out the law governing the issues presented and clearly articulate the reasons underlying the decisions. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's decisions, we **AFFIRM** the orders granting judgment on the administrative record and denying the Motion to Alter.